FILED
United States Court of Appeals
Tenth Circuit

March 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL T. VERBURG,

        Petitioner – Appellant,

v.

BUREAU OF PRISONS STAFF;
BUREAU OF PRISONS REGIONAL
OFFICE,

        Respondents - Appellees.

No. 14-3268
(D.C. No. 5:14-CV-03204-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

Michael T. Verburg, a prisoner at the Federal Prison Camp in Yankton, South

Dakota and acting pro se,[1] appeals from the U.S. District Court for the District of

Kansas's denial of his petition for a writ of mandamus. Mr. Verburg had asked the court

to order the Bureau of Prisons staff in Kansas City, Kansas to ask the U.S. District Court

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Verburg is proceeding pro se, we construe his filings liberally. *See*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198,
1201 n.2 (10th Cir. 2010).

for the District of South Carolina to correct his judgment of conviction for mail fraud because it was based on fabricated evidence. The federal court in South Carolina had previously denied relief under 28 U.S.C. § 2255. *Verburg v. United States*, Cr. No. 5:07-45, 2011 WL 2036343 (D.S.C. May 24, 2011). We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Mr. Verburg fails to address whether the district court erred in denying his petition. He instead alleges various defects in the proceedings leading to his judgment of conviction in the South Carolina federal court.

The federal court in Kansas correctly dismissed the writ of mandamus. Mr. Verburg had an adequate alternative means to challenge his conviction through direct appeal or his § 2255 motion. "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek." *Mallard v. U.S. Dist. Ct. for S.D. Ia.*, 490 U.S. 296, 309 (1989) (quotations and citations omitted); *accord Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004).

We therefore affirm. We deny Mr. Verburg's request to proceed *in forma pauperis*. Mr. Verburg's motion to compel discovery is denied.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

2